IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RFG CORPORATION, | CASE NO. CV F 08-1395 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(3) MOTION** |
| vs. | |
| AUDIO DATA VIDEO ENTERPRISES, LLC, et al, | |
| Defendants. / | |

**INTRODUCTION**

Defendants Audio Data Video Enterprises, LLC and Lloyd Nelson (collectively "ADVE") seek to enforce a contractual forum selection clause and to dismiss for improper venue plaintiff RFG Corporation's ("RFG's") breach of contract and related tort action. Alternatively, ADVE seeks to transfer this action to the United States District Court for the District of Colorado, the court designated in the forum selection clause. RFG contends that the forum selection clause is the result of ADVE's overreaching and that its enforcement is unreasonable and unjust. This Court considered ADVE's F.R.Civ.P. 12(b)(3) motion on the record and VACATES the December 1, 2003 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES this action as filed in the improper venue pursuant to the forum selection clause and DIRECTS the clerk to transfer this action to the United States District Court for the District of Colorado.

## BACKGROUND

### The Parties' Contract And Forum Selection Clause

According to RFG, representatives of RFG, a California corporation, and ADVE, a Colorado limited liability company, conducted a meeting in California "to consider a contractual business arrangement."[1] RFG and ADVE entered into a February 1, 2004 Authorized Network Service Provider Agreement ("agreement") under which RFG provided installation services for residential audio, data, telephone and security products as ADVE's subcontractor. RFG's service territory included California and Arizona. Under the agreement, RFG had the right and obligation to service all warranty work for its completed services. The agreement permitted ADVE to correct defects or perform warranty services if RFG failed to provide such services within five days of a request to do so. Under the agreement, if ADVE performed such warranty work, it was entitled to offset costs and expenses for the warranty work and to assess a 10 percent fee against funds due RFG.

The agreement's forum selection clause provides in pertinent part:

> . . . Any and all disputes arising out of, or in connection with this Agreement or with transactions in any way related to this Agreement and/or the relationship between the parties (including but not limited to the termination of this Agreement or Contractor's[2] rights there under or disputes under rights granted pursuant to statutes or common law, including those in the state in which Contractor is domiciled) **shall be litigated solely and exclusively before the United States District Court for the District of Colorado**. The parties consent to the in personam jurisdiction of said court for the purposes of any such litigation, and **waive, fully and completely, any right to dismiss and/or transfer any action pursuant to 28 U.S.C. S. 1404** or 1406 (or any successor statute). (Bold added.)

### RFG's Claims

RFG's operative original complaint ("complaint") alleges that in September 2007, ADVE became delinquent in forwarding payments to RFG. The complaint alleges:

1. A (first) breach of contract cause of action that ADVE breached the agreement by failing to pay RFG for its services and to refer warranty work to RFG and by providing warranty

---

[1] RFG's papers reflect that the meeting was on February 1, 2005 but since RFG and ADVE entered into a February 1, 2004 agreement, this Court surmises that the meeting was in February 2004. ADVE president Lloyd Nelson ("Mr. Nelson") characterizes the meeting as "limited to general discussions of the potential of ADVE and RFG doing business together, the details of which would be set forth in a proposed contract I would forward to RFG."

[2] The agreement defines RFG as "Contractor."

1	work to other subcontractors;
2.	A (second) breach of covenant of good faith and fair dealing cause of action that ADVE refused to remit payments owed to RFG, to comply with the agreement's breach provisions, and to refer warranty work to RFG;
3.	A (third) fraud cause of action that ADVE induced RFG to continually perform services and warranty work without payment;
4.	A (fourth) intentional interference with contractual relations cause of action that ADVE's refusal to pay RFG frustrated RFG's efforts to perform contractual obligations to deny RFG contractual benefits to which it is entitled; and
5.	A (fifth) conversion cause of action that ADVE wrongly converted funds belonging to RFG.

The complaint seeks $195,000 compensatory damages, punitive damages and injunctive relief.

## DISCUSSION

### F.R.Civ.P. 12(b)(3) Standards

ADVE seeks to invoke the agreement's forum selection clause to dismiss this action under F.R.Civ.P. 12(b)(3) which authorizes dismissal for improper venue. A motion to dismiss based on a forum selection clause is treated as a F.R.Civ.P. 12(b)(3) motion to dismiss for improper venue. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). With a F.R.Civ.P. 12(b)(3) motion, "the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis." *Argueta*, 87 F.3d at 324. Moreover, a court may consider matters outside the pleadings to decide a F.R.Civ.P. 12(b)(3) motion without converting it to a summary judgment motion. *See Argueta*, 87 F.3d at 324.

With these standards in mind, this Court turns to enforcement of the agreement's forum selection clause.

### Forum Selection Clause Enforcement

Federal law governs the "validity" of a forum selection clause. *Argueta*, 87 F.3d at 324; *Manetti-Farrow, Inc. v. Gucci American, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Forum selection clauses "should be respected as the expressed intent of the parties." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984) *(citing Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1,

12-19, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Forum selection clauses are prima facie valid and should not be set aside unless the party challenging enforcement of such provision can show it is "'unreasonable' under the circumstances." *Argueta*, 87 F.3d at 325 (quoting *Bremen*, 407 U.S. 1, 92 S.Ct. 1907, 1913 (1972)). A forum selection clause is unreasonable if:

1. Its incorporation into the contract was the result of fraud, under influence or overweening bargaining power, *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 591, 111 S.Ct. 1522 (1991); *Bremen*, 407 U.S. at 12-13, 92 S.Ct. 1907; *Argueta*, 87 F.3d at 325;

2. The selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court," *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907; *Argueta*, 87 F.3d at 325; and

3. Enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907; *Argueta*, 87 F.3d at 325.

To establish unreasonableness of a forum selection clause, a challenger has the "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Pelleport Investors,* 741 F.2d at 281.

In addition to a forum selection clause's reasonableness, a court must address whether the clause is mandatory or permissive, "a matter of contract interpretation." *No. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). In a forum selection clause, "where venue is specified with mandatory language the clause will be enforced." *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir. 1989). "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *No. Cal. Dist. Council*, 69 F.3d at 1037.

ADVE argues that the agreement's forum selection clause is "clear, specific and valid" to mandate enforcement in that it provides that "all disputes arising out of, or in connection with this Agreement . . . and/or the relationship between the parties . . . shall be litigated solely and exclusively before the United States District Court for the District of Colorado."

RFG acknowledges the forum selection clause and does not dispute its mandatory language. RFG attacks the forum selection clause as a product of ADVE's overreaching and a source of "grave inconvenience" to it.

**<u>Overreaching</u>**

ADVE notes the absence of fraud or undue influence in that the complaint's first sentence states that "the parties entered into and enjoyed a mutually-beneficial contractual business relationship." ADVE points out that the complaint addresses alleged wrongdoing arising after the parties entered into the agreement to negate that the forum selection clause, as opposed to the entire agreement, was obtained through fraud.

RFG responds that its was an "unsophisticated novice" in negotiating with ADVE, a "giant in the industry" with operations in seven states, including California, and plans to expand into three other states. RFG notes that it performed subcontractor services for ADVE in California and Arizona, never Colorado, and that the parties' respective representatives met in California with ADVE sending its personnel to California to resolve issues. RFG accuses ADVE of contracting with small California firms, "forcing onerous contract terms upon them, exploiting the market and other economic factors to leave subcontractors with little choice if they wished to engage in and then remain in business with Defendants."

The United States Supreme Court has explained that forum-selection clauses should be given "full effect" when a freely negotiated agreement is unaffected by fraud: "This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, n. 14, 94 S.Ct. 2449 (1974).

RFG points to no fraud, undue influence or overreaching to result in the forum selection clause's incorporation into the agreement. ADVE correctly notes the absence of claims that:

1. RFG did not read and fully understand the forum selection clause;
2. ADVE attempted to hide or conceal the forum selection clause;
3. RFG was denied review of, including by legal counsel, the forum selection clause; and

/ / /

/ / /

/ / /

        4.     ADVE rejected RFG's requests to modify the agreement.[3]

ADVE further notes that its alleged wrongdoing arose after performance of the contract to negate fraudulent inclusion of the forum selection clause. RFG's "novice" negotiating status and eagerness to contract with ADVE does not translate into overreaching to include the forum selection clause. RFG's unequal bargaining points are vitiated by the fact that ADVE derived 25 percent of its income from work performed by RFG. Nothing suggests that RFG was prevented to negotiate terms or to retain counsel. The David vs. Goliath analogy is unavailing. RFG fails to demonstrate unreasonableness resulting from ADVE's overreaching.

### **Inconvenience**

ADVE argues that there is an absence of evidence that RFG will be subject to "serious inconvenience" to litigate in Colorado given that its complaint acknowledges that it performs installation services in California and Arizona. ADVE concludes that the strong public policy favoring forum selection clauses weighs in favor to mandate litigation of this action in Colorado.

RFG points to the change of venue statute, 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." RFG recommends a balancing of the following factors:

        1.     Location of parties and potential witnesses;

        2.     Location of documents and records which will be presented as evidence;

        3.     Existence and location of other actions involving the same subject matter; and

        4.     Choice of law that should be applied to the merits.

*See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968).

Applying these factors, RFG notes that California is where:

        1.     A "majority of the conduct relative to this action occurred";

        2.     ADVE met with RFG and "solicited the business relationship";

---

[3] Mr. Lloyd's declaration states: "At no point did any representative of RFG ask about or try to negotiate any changes or modifications to the AGREEMENT, specifically the forum selection clause. At no time did anyone from ADVE suggest that RFG could not have the proposed contract reviewed by RFG's counsel of choice or otherwise make proposed changes to the proposed agreement."

6

   3.  ADVE and RFG negotiated and entered into the agreement;

   4.  Work under the agreement was performed; and

   5.  A majority of witnesses and documentation is located.

  RFG further points to its increased "financial burden" to litigate in Colorado, including "having to subpoena a large number of witnesses who reside" in California and retaining Colorado counsel.

  ADVE responds that pursuant to the forum selection clause, RFG agreed to "waive, fully and completely, any right to dismiss and/or transfer any action pursuant to 28 U.S.C.S. 1404." "[B]y agreeing to a mandatory forum selection agreement, a party waives objections to venue in the chosen forum on the basis of cost or inconvenience to itself." *AAR Int'l, Inc. v. Nimelias Enterprises, S.A.*, 250 F.3d 510, 526 (7th Cir. 2001), *cert. denied*, 534 U.S. 995, 122 S.Ct. 413 (2001). The "venue mandated by a choice of forum clause rarely will be outweighed by other [28 U.S.C. §] 1404(a) factors." *In re Ricoh* Corp., 870 F.2d 570, 573 (11th Cir. 1989). "The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003); *see Bonny v. Society of Lloyd's*, 3 F.3d 156, 160, n. 11 (7th Cir. 1993), *cert. denied*, 510 U.S. 1113, 114 S.Ct. 1057 (1994).

  RFG does not challenge its waiver to transfer pursuant to 28 U.S.C. § 1404. RFG offers general statements of inconvenience short on specifics. RFG neither identifies nor quantifies the number of witnesses, documents or records at issue or their location. Inferences drawn from RFG's papers are that the number of witnesses, documents and records are not significant. ADVE counters that 11 of its witnesses are believed to be Colorado residents and 24,000 pages of potential trial exhibits are located in Colorado. RFG points to nothing definitive to demonstrate grave inconvenience to litigate in Colorado. Moreover, the forum selection clause includes a choice of law provision to apply Colorado law to the parties' disputes – a matter which RFG does not dispute. The Colorado district court and Colorado counsel are better equipped to apply Colorado law to mitigate the degree of inconvenience to RFG.

### Public Policy And Personal Jurisdiction

  RFG argues that the forum selection clause "contravenes" public policy of California in that

1  ADVE "repeatedly transacts its business throughout the State of California, holds itself out to its
2  customers as the provider of services . . . and provides ongoing warranty work to its customers in this
3  state." RFG contends that ADVE's "business relationships" with California builders give rise to
4  "minimum contacts" with California to impose personal jurisdiction over ADVE. RFG concludes that
5  ADVE "derives a substantial amount of benefit from its business activities" in California and "should
6  be held to answer for its actions in this state."

7  ADVE responds that RFG "confuses" the concept of ADVE's exposure to California personal
8  jurisdiction with enforcement of the forum selection clause.

9  Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general
10 jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify
11 the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction
12 which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation.
13 *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984).
14 Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the
15 defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit
16 does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v.
17 Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). A plaintiff has the burden to make a prima facie
18 showing of a court's personal jurisdiction over a defendant. *See Data Disc, Inc. v. Systems Technology
19 Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

20 RFG's points ignore the public policy factors favoring enforcement of forum selection clauses
21 and the agreement between ADVE and RFG. RFG offers nothing meaningful to invalidate the forum
22 selection clause or to outweigh public policy to enforce it. RFG also appears to ignore that ADVE seeks
23 to dismiss this action under F.R.Civ.P. 12(b)(3) for improper venue pursuant to the forum selection
24 clause. ADVE does not seek F.R.Civ.P. 12(b)(2) dismissal for lack of personal jurisdiction. ADVE's
25 minimum contacts with California are not at issue. The key is the forum selection clause's validity,
26 which RFG has failed to negate.

27                                **CONCLUSION AND ORDER**
28      For the reasons discussed above, this Court:

8

1. DISMISSES this action as filed in the improper venue pursuant to the forum selection clause; and
2. DIRECTS the clerk to transfer this action to the United States District Court for the District of Colorado and to close this action.

IT IS SO ORDERED.

Dated:   **November 24, 2008**               /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE